IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                              Case Nos.:   4:09cr6/WS/CAS
                                              4:11cv429/WS/CAS
DARIUS DANANN COLLIER

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 91).  The Government filed a response (doc. 96) and Defendant filed a reply (doc. 101).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND

Defendant was charged in a four count indictment with possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) ("Count One"); carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Two"); possession of a firearm with an obliterated serial

number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B) ("Count Three"); and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count Four") (doc. 1).  Defendant was charged with the four offenses after drugs and a weapon were recovered after his November 17, 2008, arrest pursuant to an outstanding state court warrant.  He entered a guilty plea before the then-assigned magistrate judge pursuant to a written plea agreement and statement of facts (*see* docs. 35–37).

The Presentence Investigation Report ("PSR") was disclosed to the defense on November 17, 2009 (doc. 41).  Counts One, Three and Four were grouped, and the guideline that would result in the highest offense level, the guideline applicable to the § 922(g) offense charged in Count Four, was used (doc. 63, PSR ¶¶ 24–26).  Defendant's base offense level was 20 (PSR ¶ 26).  Because the firearm had an obliterated serial number, the probation officer assessed a four level upward adjustment (PSR ¶ 27).  Defendant also received a three level downward adjustment for acceptance of responsibility and therefore had a total offense level of 21 (PSR ¶¶ 33, 35).[1]  With twelve criminal history points, Defendant had a criminal history category of V (PSR ¶¶ 50–52).  The applicable advisory guidelines range was 60 months for Counts One and Three due to the application of statutory maximums, and 70 to 87 months on Count

---

[1] In the original version of the PSR, Defendant also had a four level increase pursuant to § 2K2.1(b)(6) as a result of his use or possession of the firearm in connection with another felony offense (PSR ¶ 90).  This adjustment was removed after discussion between the probation officer and counsel for the parties (PSR ¶ 92, *see* U.S.S.G. § 2K2.4, note 4 (providing that specific offense characteristics should not be applied if a sentence under the guideline is imposed in conjunction with an underlying offense)).

Four (PSR ¶¶ 71–72). Count Two carried a minimum mandatory consecutive 60 month term (PSR ¶ 72).

At sentencing, Defendant made essentially the same argument he makes in the instant motion, that grouping of the offenses was improper because it led to double counting (doc. 83 at 3). Counsel also raised the issue that the four level enhancement pursuant to § 2K2.1(b)(4)(B) for the obliterated serial number was not properly included in the offense level (*id.* at 5; *see* PSR ¶ 27). After a brief recess, the court continued the proceedings so that probation could revisit the PSR (doc. 83 at 6).

When sentencing reconvened, the parties advised that the Government conceded the issue of the four level enhancement for the obliterated serial number (doc. 71 at 2). At the request of defense counsel, the court allowed Defendant to address the court regarding a legal objection that he had. Defendant said that he did not understand how the § 922(g) offense was the underlying offense to the § 924(c) count, because it was neither a crime of violence nor a drug trafficking offense, and that the drug charge should have been the underlying offense (*id.* at 3).[2] The court did not directly address Defendant's comments at that time, but overruled the defense objection to the criminal history calculation, and to note that the revised guidelines range, after removing the four level adjustment for the obliterated serial number, was 46 to 57 months (*id.* at 3–4). When Defendant renewed the issue after the court had imposed sentence, the court

---

[2]Defendant's argument appeared to be that the base offense level corresponding to the drug charge rather than the § 922(g) charge should have been used to calculate his offense level on the grouped offenses.

informed Defendant that it had considered the issue and overruled his objection (*id*. at 16).

Defendant's mother, a cousin, and a grandmother addressed the court in Defendant's behalf (doc. 71 at 5–11). The Government noted the Defendant's extensive criminal history and his post arrest statements to law enforcement in which he admitted that he knew he should not have a gun, but that he would rather get in trouble than not have one if he needed it, and argued that a sentence near the top of the applicable range would be appropriate (*id*. at 11–12). Defense counsel argued for a downward departure based on post-arrest rehabilitative efforts or at the very least a sentence at the low end of the range in light of Defendant's strong family ties (*id*. at 12–13). The court sentenced Defendant at the lowest point of the applicable range to a term of 46 months imprisonment on Counts One, Three and Four to run concurrently with each other and the mandatory minimum consecutive 60 month term of imprisonment on Count Two (doc. 56). It indicated that it had taken heed of the arguments Defendant's attorney had made in mitigation for him and specifically noted that it was because his lawyer had done a "fine job" of representing Defendant that the court went to the bottom of the guidelines range and that Defendant should thank her for it (doc. 71 at 14, 16–17).

Defendant appealed, arguing that his 46 month sentence on Counts One, Three and Four was substantively unreasonable because the district court abused its discretion by not varying downward from the guidelines range (doc. 90). He claimed that the court did not adequately consider the sentencing factors of 18 U.S.C. §

3553(a), and that it failed to consider his rehabilitative efforts, family support, or the facts of the offense, instead relying only on his criminal history (*id.* at 4). The Eleventh Circuit found that Defendant's sentence was substantively reasonable and affirmed (*Id.* at 7).

In the present motion, Defendant separates his claims into three grounds for relief. He contends that the district court's application of the sentencing guidelines was an impermissible enhancement of the underlying offense, that counsel was constitutionally ineffective for her failure to object to "sentencing factors that enhanced his sentence," and that he should receive credit against his federal sentence for time served in state custody. The Government opposes the motion in its entirety.

## LEGAL ANALYSIS

### General Legal Standards

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The

"fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. Nyhuis, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998); McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." Lynn, 365 F.3d at 1232 n. 14 (quoting Mills, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a

section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." Lynn, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See* Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 538 U.S. 500, 503 (2003); *see also* United States v. Patterson, 595 F.3d, 1324, 1328 (11th Cir. 2010). The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). To show a violation of his constitutional right to counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. Strickland, 466 U.S. at 686; Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on

either of the two prongs. Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; *see also* Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Hammond v. Hall, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at 689); *see also* Chandler v. United States, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. Strickland, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315. When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993); Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. Glover v. United States, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." Id. at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test. See Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1333–34 (11th Cir. 2012); Garcia v. United States, 456 F. App'x 804, 807 (11th Cir. 2012) (citing Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993)); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551,

1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." Chandler, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. See Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an

evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983).  A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).  Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  Lynn, 365 F.3d at 1239.

Grounds One and Two

      Defendant contends that the grouping of Counts One, Three and Four resulted in an "impermissible enhancement" to the sentence on Count Two.  This claim would be procedurally barred but for Defendant's claim that counsel was constitutionally ineffective for her failure to raise this issue.  Defendant's argument is essentially a variation on the argument he unsuccessfully raised at sentencing, and it is without merit.

      Defendant notes that because he was simultaneously sentenced on the § 924(c) offense, the Sentencing Guidelines prohibit the application of any specific offense characteristic when determining the offense level.  He points to the Government's concession at sentencing that the four level enhancement for the altered serial number

as an example of this.  As set forth above, no "specific offense characteristic" guidelines enhancements were applied in Defendant's case.

Section 3D1.1 of the Sentencing Guidelines sets forth the procedure for determining a defendant's offense level if there are multiple counts of conviction. Closely related counts are to be separated into groups by applying the rules in § 3D1.2. The offense level for each group is determined in accordance with § 3D1.3, which provides that the offense level which provides the highest offense level of the counts in the group is the level applied to that group.  In Defendant's case, the offense level for the § 922(g) conviction provided the highest offense level.  This is not the same, however, as stating that the § 922(g) conviction was the offense "underlying" the § 924(c) offense.  Similarly, this is not tantamount to saying that Defendant's sentence was "enhanced" as a result of the application of a specific offense characteristic.  The manner in which the offenses were grouped and subsequently scored is a different issue than a "specific offense characteristic."  The cases Defendant cites do not support his argument, as they uniformly refer to specific guidelines enhancements under § 2K2.1 or § 2K2,4, not the offense grouping applied in this case.  See United States v. Brown, 332 F.3d 1341 (11th Cir. 2003); United States v. Diaz, 248 F.3d 1065 (11th Cir. 2001); United States v. Flennory, 145 F.3d 1264 (11th Cir. 1998) (pre-Amendment 599 case); United States v. White, 305 F.3d 1264 (11th Cir. 2002).  Defendant's position that the court's use of the offense level attributable to § 922(g) as the highest offense level is an impermissible application of a specific offense characteristic has no support in law. Counsel was not constitutionally ineffective for her failure to raise a meritless claim.

Freeman v. Attorney General, Florida, 536 F.3d 1225, 1233 (11th Cir. 2008); *see also* Sneed v. Florida Dep't of Corrections, 496 F. App'x 20 (11th Cir. 2012) (failure to preserve meritless Batson claim not ineffective assistance of counsel); Lattimore v. United States, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); Chandler v. Moore, 240 F.3d 907 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or accurate statements by prosecutor about effect of potential sentence).  Thus, Defendant is not entitled to relief.

Ground Three

Defendant contends that counsel was constitutionally ineffective because she failed to ask for proper jail credits for the 47 days he served in state custody prior to his federal indictment.  Sentencing credit for time-served is not within the purview of the sentencing court.  It is the Attorney General, through the Bureau of Prisons, who has the responsibility for administering sentencing, including the computation of time-served credit, if any, allowed under 18 U.S.C. § 3585(b).  United States v. Wilson, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)).   The district court does not have authority to award such credit at sentencing.  Wilson, 503 U.S. at 335.  Therefore, counsel was

not constitutionally ineffective for her failure to raise this issue and Defendant is not entitled to relief.[3]

Conclusion

For all of the foregoing reasons, the court finds that Defendant has not shown that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Nor has he shown that an evidentiary hearing is warranted. Therefore Defendant's motion should be denied in its entirety.

**Certificate of Appealability**

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may

---

[3]Defendant notes that he has administratively exhausted this claim through the BOP. To the extent he seeks judicial review of the BOP's denial of credit, a motion pursuant to 28 U.S.C. § 2255 is not the proper vehicle for securing such review.

Case Nos.: 4:09cr6/WS/CAS; 4:11cv429/WS/CAS

Case 4:09-cr-00006-WS-CAS   Document 106   Filed 03/12/14   Page 15 of 15

Page 15 of  15

bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 91) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this <u>12th</u> day of March, 2014.


<u>/s/ Charles A. Stampelos</u>
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).